OKORIE OKOROCHA (State Bar No. 226658)
117 E. Colorado Blvd. • Suite 465
Pasadena, California 91101
(626) 792-1301 Telephone
(626) 340-4141 Facsimile
OO@CASEHELP.COM

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

TIGRAN BABAYAN,

    Petitioner,

vs.

COUNTY OF LOS ANGELES; A POLITICAL SUBDIVISION OF THE STATE OF CALIFORNIA; SHERIFF LEE BACA in his Official Capacity as Sheriff of the County of Los Angeles; The Los Angeles County Sheriff's Department; DEPUTY JOE HERNANDEZ #449768; DEPUTY NANCY ESCOBEDO #448065; DEPUTY RYAN MALONE #452999; DEPUTY DIAZ #441473; DEPUTY BENITEZ $266603; DEPUTY JOHN PADILLA #460883; SGT. TAMBOL #403824; SGT. DAVE VEGA #004192 AND DOES 1 THRU 10 INCLUSIVE

Case No: CV10 4514 JFW AJWx

COMPLAINT FOR:

1. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

2. FALSE ARREST AND IMPRISONMENT

3. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

4. NEGLIGENCE

5. NEGLIGENT TRAINING

6. VIOLATION OF 42 U.S.C. SECTION 1983

1

SECOND AMENDED COMPLAINT

```
                                    )
                     Respondent.    )
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )
```

## FACTS ONLY

1.  Plaintiffs are residents of LOS ANGELES County, California, residing in this judicial district, at 10165 Beverly Blvd, Whittier, CA.

2.  Defendant COUNTY OF LOS ANGELES, is a political subdivision, and is responsible for the offices of the COUNTY SHERIFF and as well as Defendant Lee Baca who is the Sheriff for the County of Los Angeles. Defendants DEPUTY JOE HERNANDEZ #449768; DEPUTY NANCY ESCOBEDO #448065; DEPUTY RYAN MALONE #452999; DEPUTY DIAZ #441473; DEPUTY BENITEZ $266603; DEPUTY JOHN PADILLA #460883; SGT. TAMBOL #403824; SGT. DAVE VEGA #004192 are at all times relevant hereto agents, servants and employees of Defendant COUNTY OF LOS ANGELES and all other DEFENDANTS, acting within the course and scope of their agency and employment. All individual Defendants' conduct in using excessive and unnecessary force to tackle, beat, harm and electrically shock Plaintiff constitutes a battery. Said Defendants were acting within the course and scope of his duties as a police officer and in a manner consistent with CITY policy and practice, making said Defendant vicariously liable for their torts. As a consequence of said conduct, Plaintiff suffered injury to his person and shock and injury to his psyche, entitling him to special damages for the care and treatment

SECOND AMENDED COMPLAINT

1 thereof. Furthermore, Plaintiff is entitled to general damages for his physical and emotional pain and suffering. The conduct of said Defendants was intentional, malicious and/or in reckless disregard of the rights and safety of the Plaintiff, entitling him to punitive damages *against the individual defendants named herein* in an amount according to proof.

3. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1-10 inclusive, and therefore, sues these Defendants under such fictitious names. Plaintiff is informed and believes and thereon alleges that each of said fictitiously named Defendants is responsible in some manner for the actions and damaged alleged herein. Plaintiff is furthermore informed and believes and thereon alleges that each of said fictitiously named Defendants was the agent, servant and employee of each and every other Defendant acting within the course and scope of his or her agency and employment and with the knowledge, ratification and consent of each respective principal. Plaintiff will seek leave to amend this Complaint when their true names and capacities have been ascertained.

4. Plaintiff is required to comply with a claims statue and Plaintiff has complied with that statute.

5. On or about June 20, 2009, for no reason at all, all DEFENDANTS were responsible for pulling the Plaintiff over for no reason and beating him to a merrily pulp and destroying all evidence and filing false charges against him.

6. The conduct of the individual defendants was committed with reckless disregard of the rights and safety of the Plaintiffs, entitling Plaintiff to punitive damages against all individual defendants in an amount according to proof.

7. Further, all Defendants had a policy of inadequate training, ratifying violations of civil rights and violations of civil rights with complete and utter disregard.

**FIRST CAUSE OF ACTION**

3

SECOND AMENDED COMPLAINT

FIRST CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS.

8. At all times relevant hereto, Defendants, and each of them, owed a duty to Plaintiff to refrain from conduct which would foreseeably cause him emotional distress. By the conduct alleged herein, said Defendants breached this duty and negligently caused Plaintiff emotional distress.

9. As a consequence of said conduct, Plaintiff suffered injury to his person and shock and injury to his psyche, entitling him to special damages for the care and treatment thereof.

10. Furthermore, Plaintiff is entitled to general damages for his physical and emotional pain and suffering.

## SECOND CAUSE OF ACTION

## FOR FALSE ARREST AND IMPRISONMENT

## AGAINST ALL INDIVIDUAL DEFENDANTS.

11. Defendants RAULSTON, LAMBAREN, MCMULLIN and CROMER were all instrumental in detaining, arresting and imprisoning Plaintiff, as heretofore alleged. Defendant RAULSTON was aware that there was no reason to cause Plaintiff to be arrested, but gave the order to do so. Thereafter, as previously alleged, the remaining officers needlessly brutalized Plaintiff, then maliciously arrested him to avoid accountability for their own misdeeds. Said incarceration was in bad faith

12 As a consequence of said conduct, Plaintiff suffered injury to his person and shock and injury to his psyche, entitling him to special damages for the care and treatment thereof.

13. Furthermore, Plaintiff is entitled to general damages for his physical and emotional pain and suffering.

14. The conduct of said Defendants was intentional, malicious and/or in reckless disregard of the rights and safety of the Plaintiff, entitling him to punitive damages in an amount according to proof *against the individual defendants named herein.*

## THIRD CAUSE OF ACTION

## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## AGAINST ALL INDIVIDUAL DEFENDANTS

15. At all times relevant hereto, the conduct of the Defendants named in this cause of action was outrageous and not of the kind and quality to be tolerated in a civilized society, much less by law enforcement officials. The conduct of all individual Defendants in maliciously, brutally and unnecessarily tackling Plaintiff, then falsely imprisoning him and falsely accusing him of crimes they knew full well he did not commit was calculated to cause Plaintiff severe emotional distress. Further, the conduct of RAULSTON in ordering the same, allowing the foregoing to take place and continue, and approving the arrest, charging and imprisoning of the Plaintiff were equally outrageous, as he was a sergeant, and in a position to stop, curtail or reverse any act or decision made by the remaining officers.

16. Said conduct did, in fact, cause Plaintiff emotional distress. As a consequence of said conduct, Plaintiff suffered injury to his person and shock and injury to his psyche, entitling him to special damages for the care and treatment thereof.

17.     Furthermore, Plaintiff is entitled to general damages for his physical and emotional pain and suffering.

18.     The conduct of said Defendants was intentional, malicious and/or in reckless disregard of the rights and safety of the Plaintiff, entitling him to punitive damages in an amount according to proof.

## FOURTH CAUSE OF ACTION

## FOR NEGLIGENCE AGAINST ALL DEFENDANTS

19.     At all times relevant hereto, defendants, and each of them, had a duty to use reasonable care in their conduct and in the discharge of their duties.

20. In the actions described above, said defendants negligently breached said duty/duties by:

    A.     All individual Defendants' negligence in ordering Plaintiff's arrest and in failing to rectify the same when it became apparent that Plaintiff was an innocent bystander;

    B.     All individual Defendants' negligence in failing to observe Plaintiff and/or failing to take adequate precautions to avoid injury to Plaintiff, and in the manner he wielded his horse, so as to cause the aftermath that followed;

    C.     All individual Defendants' Negligence of the remaining defendants in failing to use due care in the application of force, and in using excessive force for the situation;

SECOND AMENDED COMPLAINT

D. All individual Defendants' Negligence of all individuals, in effecting the arrest, detainment, imprisonment and charging of Plaintiff without a reasonable basis for the same.

E. As a consequence of said conduct, Plaintiff suffered injury to his person and shock and injury to his psyche, entitling him to special damages for the care and treatment thereof.

F. Furthermore, Plaintiff is entitled to general damages for his physical and emotional pain and suffering.

## FIFTH CAUSE OF ACTION

## FOR NEGLIGENT TRAINING AGAINST DEFENDANT COUNTY OF LOS ANGELES AND SHERIFF LEE BACA

21. At all times relevant hereto, ENTITY Defendants had a duty to train its police officers in, inter alia, the use of police animals for crowd control, proper conduct for mounted officers, use of force, excessive force, probably cause for arrest, proper crowd control techniques, proper identification prior to engaging a suspect, investigations, elements of resisting arrest, elements of Penal Code Section 600(b).

22. ENTITY Defendants negligently failed to train the individuals named herein in these aspects of their duties, resulting in the harm and damages described in this complaint.

23. As a consequence of said negligent training, Plaintiff suffered injury to his person and shock and injury to his psyche, entitling him to special damages for the care and treatment thereof.

24. Furthermore, Plaintiff is entitled to general damages for his physical and emotional pain and suffering.

## SIXTH CAUSE OF ACTION

## AGAINST ALL DEFENDANTS FOR VIOLATION OF 42 U.S.C. SECTION 1983

## ALLEGATIONS ONLY

### COUNT 1

## UNCONSTITUTIONAL RETALIATION AND CHILLING OF PLAINTIFF'S RIGHTS OF FREE SPEECH AND ASSEMBLY IN VIOLATION OF 1st AMENDMENT, AGAINST INDIVIDUAL DEFENDANTS

25. The actions of the individuals named in this count constituted an unconstitutional and unreasonable deprivation of Plaintiff's rights of free speech and assembly, and were intended to retaliate against him for the exercise thereof, and were calculated to chill the exercise of the same. The same is actionable pursuant to 42 U.S.C. Section 1983. Said actions on the part of the Defendants were done under color of law.

26. As a consequence of said conduct, Plaintiff suffered injury to his person and shock and injury to his psyche, entitling him to special damages for the care and treatment thereof.

27. Furthermore, Plaintiff is entitled to general damages for his physical and emotional pain and suffering.

SECOND AMENDED COMPLAINT

28. The conduct of said Defendants was intentional, malicious and/or in reckless disregard of the rights and safety of the Plaintiff, entitling him to punitive damages in an amount according to proof.

29. Furthermore, pursuant to 42 U.S.C. Section 1988, Plaintiffs are entitled to attorney's fees expended in this action.

## COUNT 2

## UNCONSTITUTIONAL SEIZURE OF PLAINTIFF'S PERSON, IN VIOLATION OF 4TH AMENDMENT AND 14TH AMENDMENT, AGAINST

## INDIVIDUAL DEFENDANTS

30. The actions of the individuals named in this count constituted an unconstitutional and unreasonable seizure of Plaintiff's person in violation of Amendment IV to the U.S. Constitution, and is actionable pursuant to 42 U.S.C. Section 1983. Said actions were taken by Defendants acting under color of law.

31. As a consequence of said conduct, Plaintiff suffered injury to his person and shock and injury to his psyche, entitling him to special damages for the care and treatment thereof.

32. Furthermore, Plaintiff is entitled to general damages for his physical and emotional pain and suffering.

33. The conduct of said Defendants was intentional, malicious and/or in reckless disregard of the rights and safety of the Plaintiff, entitling him to punitive damages in an amount according to proof.

SECOND AMENDED COMPLAINT

34. Furthermore, pursuant to 42 U.S.C. Section 1988, Plaintiffs are entitled to attorney's fees expended in this action.

35. Plaintiff is entitled to and hereby request a declaratory confirming the violation of her civil rights.

## COUNT 3

## UNCONSTITUTIONAL DEPRIVATION OF LIBERTY INTERESTS WITHOUT DUE PROCESS OF LAW, IN VIOLATION OF 5TH AMENDMENT AND 14TH AMENDMENT, AGAINST DEFENDANTS RAULSTON, CROMER, MCMULLIN AND LAMBAREN

36. The actions of the individuals named in this count constituted an unconstitutional deprivation of Plaintiff's liberty interests in violation of the 5th and 14th Amendments and is actionable pursuant to 42 U.S.C. Section 1983. Said actions were taken by Defendants acting under color of law.

37. As a consequence of said conduct, Plaintiff suffered injury to his person and shock and injury to his psyche, entitling him to special damages for the care and treatment thereof.

38. Furthermore, Plaintiff is entitled to general damages for his physical and emotional pain and suffering.

39. The conduct of said Defendants was intentional, malicious and/or in reckless disregard of the rights and safety of the Plaintiff, entitling him to punitive damages in an amount according to proof.

SECOND AMENDED COMPLAINT

40. Furthermore, pursuant to 42 U.S.C. Section 1988, Plaintiffs are entitled to attorney's fees expended in this action.

41. Plaintiff is entitled to and hereby request a declaratory confirming the violation of her civil rights.

## COUNT 4

## CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE 8TH AMENDMENT, AGAINST

## INDIVIDUAL DEFENDANTS

42. At all times relevant to the count, Plaintiff was in the custody of the defendants named herein. Plaintiff is informed and believes, and thereon alleges, that Defendant CITY OF ANAHEIM had a taser policy in place, such that the same was an established policy. Defendants CROMER, MCMULLIN and LAMBAREN, jointly cooperated in carrying out the official policy of the CITY. In the alternative, said conduct was done by the individual defendants acting under color of law.

43. The conduct of said Defendants, of brutalizing Plaintiff and needlessly and excessively tasering him constituted cruel and unusual punishment, in violation of the 8th Amendment, made actionable under 42 U.S.C. Section 1983.

44. As a consequence of said conduct, Plaintiff suffered injury to his person and shock and injury to his psyche, entitling him to special damages for the care and treatment thereof.

45. Furthermore, Plaintiff is entitled to general damages for his physical and emotional pain and suffering.

46. The conduct of said Defendants was intentional, malicious and/or in reckless disregard of the rights and safety of the Plaintiff, entitling him to punitive damages in an amount according to proof.

47. Furthermore, pursuant to 42 U.S.C. Section 1988, Plaintiffs are entitled to attorney's fees expended in this action.

48. Plaintiff is entitled to and hereby request a declaratory confirming the violation of her civil rights.

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For special damages for the care and treatment of physical injuries and emotional distress;

2. For general damages in a sum to be determined according to proof;

3. For punitive damages against individual defendants under applicable causes of action;

4. For Declaratory relief under 42 U.S.C. Section 1983;

5. For Attorney's Fees under 42 U.S.C. Section 1988;

6. For costs of suit; and

7. For such other and further relief as this court may deem just and proper.

49.

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For special damages for the care and treatment of emotional distress;

2. For general damages in a sum to be determined according to proof;

SECOND AMENDED COMPLAINT

3. For punitive damages against individual defendants under applicable causes of action;

4. For Declaratory relief under 42 U.S.C. Section 1983;

5. For Attorney's Fees under 42 U.S.C. Section 1988;

6. For costs of suit; and

7. For such other and further relief as this court may deem just and proper.

DATED: June 17, 2010

_____
OKORIE OKOROCHA
Attorney for Plaintiff

SECOND AMENDED COMPLAINT

Name & Address:
OKORIE OKOROCHA (226658) 117 E. COLORADO BLVD., SUITE 465, PASADENA, CA 91105. P: 626 792 1301, F: 626 340 4141, EMAIL: OKORIE@GMAIL.COM

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| TIGRAN BAYAYAN | CASE NUMBER |
|---|---|
| PLAINTIFF(S)<br>v. | CV10 4514 JFW AJWx |
| SEE ATTACHED LIST OF DEFENDANTS INCORPORATED BY REFERENCE | SUMMONS |
| DEFENDANT(S). | |

TO: DEFENDANT(S): SEE ATTACHED LIST OF DEFENDANTS INCORPORATED BY REFERENCE

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, OKORIE OKORCHA , whose address is 117. E. COLORADO BLVD., SUITE 465, PASADENA, CA 91105 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JUN 18 2010

By: **CHRISTOPHER POWERS**
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)   SUMMONS

## LIST OF DEFENDANTS

COUNTY OF LOS ANGELES; A POLITICAL SUBDIVISION OF THE STATE OF CALIFORNIA; SHERIFF LEE BACA in his Official Capacity as Sheriff of the County of Los Angeles; The Los Angeles County Sheriff's Department; DEPUTY JOE HERNANDEZ #449768; DEPUTY NANCY ESCOBEDO #448065; DEPUTY RYAN MALONE #452999; DEPUTY DIAZ #441473; DEPUTY BENITEZ $266603; DEPUTY JOHN PADILLA #460883; SGT. TAMBOL #403824; SGT. DAVE VEGA #004192 AND DOES 1 THRU 10 INCLUSIVE

Name & Address:
OKORIE OKOROCHA (226658) 117 E. COLORADO BLVD., SUITE 465, PASADENA, CA 91105. P: 626 792 1301, F: 626 340 4141, EMAIL: OKORIE@GMAIL.COM

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIGRAN BABAYAN<br><br>PLAINTIFF(S)<br>v.<br><br>SEE ATTACHED LIST OF DEFENDANTS INCORPORATED BY REFERENCE<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10 4514 JFW AJWx<br><br><br>SUMMONS |

TO:  DEFENDANT(S): SEE ATTACHED LIST OF DEFENDANTS INCORPORATED BY REFERENCE

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, OKORIE OKORCHA, whose address is 117. E. COLORADO BLVD., SUITE 465, PASADENA, CA 91105. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: JUN 18 2010

Clerk, U.S. District Court

By: CHRISTOPHER POWERS
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                             SUMMONS

## LIST OF DEFENDANTS

COUNTY OF LOS ANGELES; A POLITICAL SUBDIVISION OF THE STATE OF CALIFORNIA; SHERIFF LEE BACA in his Official Capacity as Sheriff of the County of Los Angeles; The Los Angeles County Sheriff's Department; DEPUTY JOE HERNANDEZ #449768; DEPUTY NANCY ESCOBEDO #448065; DEPUTY RYAN MALONE #452999; DEPUTY DIAZ #441473; DEPUTY BENITEZ $266603; DEPUTY JOHN PADILLA #460883; SGT. TAMBOL #403824; SGT. DAVE VEGA #004192 AND DOES 1 THRU 10 INCLUSIVE

Jun 17 10 05:37p     Okorocha                    1800000000                    p.1

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**BY FAX**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| TIGRAN BABAYAN | COUNTY OF LOS ANGELES, SHERIFF BACA, JOE HERNANDEZ, NANCY ESCOBEDO, RYAN MALONE, DEPUTY DIAZ, DEPUTY BENITEZ, DEPUTY JOHN PADILLA, SGT.TAMBOL, SGT. VEGA DOES 1-10 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| OKORIE OKOROCHA (226658) CALIFORNIA LEGAL TEAM, 117 E. COLORADO BLVD, SUITE 465 PASADENA, CA 91105 P: (626) 792-1301 F: (626) 340-4141 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No          ☒ **MONEY DEMANDED IN COMPLAINT:** $ ACCORDING TO PROOF

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S. 1983, NEGLIGENCE, EMOTIONAL DISTRESS

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☒ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV10 4514

FOR OFFICE USE ONLY:  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                       CIVIL COVER SHEET                     Page 1 of 2

Jun 17 10 05:37p    Okorocha            1800000000              p.2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date June 17, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

```
CV10- 4514 JFW (AJWx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY